Donald L. Dalton (4305)
DALTON & KELLEY
Attorneys for Defendant
Post Office Box 58084
Salt Lake City, Utah 84158
Telephone: (801) 583-2510

FILED IN THE
UNITED STATES
BANKRUPTCY COURT

2004 MAR 24 A 11: 45

DISTRICT OF UTAH

BY_____
DEPUTY CLERK

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re: <br><br> SIMON TRANSPORTATION SERVICES, INC., DICK SIMON TRUCKING, INC., and SIMON TERMINAL, LLC, <br><br> Debtors. <br><br> OFFICIAL COMMITTEE OF UNSECURED CREDITORS, <br><br> Plaintiff, <br><br> Vs. <br><br> SIERRA FREIGHTLINER, <br><br> Defendant. | Bankruptcy Nos. 02-22906 <br> 02-22907 <br> 02-24874 <br><br> (Chapter 11) <br><br> [SUBSTANTIVELY CONSOLIDATED] <br><br> Honorable Glen E. Clark <br><br> ANSWER TO COMPLAINT TO AVOID PREFERENTIAL TRANSFERS <br><br> Adversary No. 04-02380 |

Defendant Sierra Freightliner, Inc., incorrectly named "Sierra Freightliner," by and through its attorneys, pursuant to FRBP 7007, answers the Complaint to Avoid Preferential Transfers by responding to the allegations in the separately numbered paragraphs, and otherwise, as follows:

1. Admits, information and belief.



0402380D3

2. Admits.

3. Admits, information and belief.

4. Admits, information and belief.

5. Admits, information and belief.

6. Admits, information and belief.

7. Admits, information and belief.

8. Admits, information and belief.

9. This paragraph does not require a response.

10. Admits.

11. Admits that prior to the Petition Date, the debtors made one or more transfers to defendant amounting to $153,715.11. Admits that Exhibit "A" is a listing of the check(s) evidencing the transfers with the check number(s), date(s) and the amount(s). Denies the remaining allegations.

12. Admits that the transfers made the subject of this action were made by the debtors to or for the benefit of defendant, a creditor. Denies the remaining allegations.

13. Admits that the transfers made the subject of this action were made by the debtors to defendant for or on account of an antecedent debt owed by the debtors before the transfers were made. Denies the remaining allegations.

14. Denies, lack of information or belief.

15. Admits that the transfers made the subject of this action were made on or within ninety (90) days before the Petition Date, information and belief. Denies the remaining allegations.

16. Denies that the debtors made any "Preferential Transfers" to defendant. Denies the remaining allegations, lack of information or belief.

17. Denies.

18. Denies.

19. Denies each and every allegation not expressly admitted herein.

20. Affirmatively alleges that the transfers made the subject of this action were made in payment of debts incurred by the debtors in the ordinary course of the parties' business or financial affairs; and, with the sole exception of Invoice #142907 in the amount of $4,510.42, made not later than 45 days after such debts were incurred; and made in the ordinary course of the parties' business or financial affairs; and made according to ordinary business terms. 11 U.S.C. § 547(c)(2).

WHEREFORE, defendant prays for Judgment in its favor; that plaintiff takes nothing on its Complaint; and for such other and further relief as is just and equitable.

DATED this 24th day of March, 2004.

DALTON & KELLEY

By _____
Donald L. Dalton
Attorneys for Defendant

3

## CERTIFICATE OF SERVICE

THIS WILL CERTIFY that I caused a true and correct copy of the within and foregoing, "Answer to Complaint to Avoid Preferential Transfers" to be faxed and mailed, postage prepaid, this 24th day of March, 2004 to:

Gary E. Jubber
Fabian & Clendenin
P.O. Box 510210
Salt Lake City UT 84151

_[signature]_